**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LOUISIANA SHERIFFS' PENSION & RELIEF FUND, on behalf of itself and all others similarly situated, | ) ) ) ) Civil Action No. 13-cv-8818 (DLC) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, VIRGINIA M. ROMETTY, and MARK LOUGHRIDGE | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
OF LOUISIANA SHERIFFS' PENSION & RELIEF FUND FOR APPOINTMENT AS
LEAD PLAINTIFF, AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

SUMMARY OF THE PENDING ACTION ........................................................................ 3

ARGUMENT .......................................................................................................................... 4

    A.    Louisiana Sheriffs Should Be Appointed Lead Plaintiff ................................... 5

        1.    Louisiana Sheriffs Believes It Has The Largest Financial Interest In The Relief Sought By The Class ........................................................................ 5

        2.    Louisiana Sheriffs Otherwise Satisfies The Requirements Of Rule 23 .................... 5

    B.    The Court Should Approve Louisiana Sheriffs' Selection Of Lead Counsel ................. 8

CONCLUSION ....................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Chilton v. Chiumento Grp.*,
　365 F. App'x 298 (2d Cir. 2010) ....................................................................................................5

*Clark v. Barrick Gold Corp.*,
　No. 13 CIV 3851(RPP), 2013 WL 5300698 (S.D.N.Y. Sept. 20, 2013) ...................................6

*Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*,
　No. 11 Civ. 5097(JFK), 2011 WL 4831209 (S.D.N.Y. Oct. 12, 2011) ....................................6

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
　589 F. Supp. 2d 388 (S.D.N.Y. 2008)..........................................................................................8

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A)............................................................................................ *passim*

**Other Authorities**

H.R. Conf. Rep. No. 104-369, at *34 (1995),
　*reprinted in* 1995 U.S.C.C.A.N. 730 (1995)...............................................................................7

The Louisiana Sheriffs' Pension & Relief Fund ("Louisiana Sheriffs") respectfully submits this memorandum in support of its motion (1) to be appointed Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (2) for approval of its selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel for the Class; and (3) for any such further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

On December 12, 2013, Louisiana Sheriffs filed the complaint in this action which alleges that International Business Machines Corporation ("IBM" or the "Company") and certain of its senior officers (collectively, "Defendants") defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5). Specifically, during the time period from June 25, 2013 through October 16, 2013 (the "Class Period"), Defendants knew, but misrepresented or concealed from investors, that the disclosures of IBM's association with Prism and U.S. National Security Agency ("NSA") spying scandal caused businesses in China as well as the Chinese government to abruptly halt doing business with IBM, leading to an immediate and precipitous decline in sales.

On October 16, 2013, IBM announced results for its third quarter of 2013 and reported that its sales in China plunged 22% during the quarter, and hardware sales in China, which accounts for nearly half of IBM's revenue there, declined 40%. Immediately after the Company reported earnings, media outlets concluded that the only credible explanation for the sudden collapse in IBM's sales in China is that the Chinese government refused to allow government

agencies, state-owned enterprises, and major independent corporations to conduct business with the Company. These disclosures caused the price of IBM stock to decline from $186.73 per share to $174.83 per share, or 6.4%, on heavy trading volume of over 22 million shares, damaging Louisiana Sheriffs and the Class.

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation, and also whether such movant has made a prima facie showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). For the reasons set forth below, Louisiana Sheriffs is the "most adequate plaintiff" by virtue of the approximately $59,000 in losses it incurred on its investments in IBM common stock. Louisiana Sheriffs also satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure because its claims are typical of all members of the Class, and it will fairly and adequately represent the Class.

Indeed, Louisiana Sheriffs is a paradigmatic Lead Plaintiff under the PSLRA because it is a sophisticated institutional investor with a real financial interest in the litigation, and has experience serving as Lead Plaintiff in other complex securities class actions and supervising the work of outside counsel. Accordingly, Louisiana Sheriffs has both the incentive and ability to supervise and monitor counsel. Further, Louisiana Sheriffs fully understands the Lead Plaintiff's obligations to the Class under the PSLRA given its past involvement in serving as Lead Plaintiff, and is willing and able to undertake the responsibilities entailed in acting as Lead Plaintiff to guarantee vigorous prosecution of this action. Louisiana Sheriffs has selected Bernstein Litowitz, a law firm with substantial experience in successfully prosecuting securities class

actions, to serve as Lead Counsel for the Class.  Accordingly, Louisiana Sheriffs respectfully requests that the Court appoint it Lead Plaintiff and otherwise grant its motion.

## SUMMARY OF THE PENDING ACTION

IBM is one of the largest information technology companies in the world, generating over $100 billion of annual revenue in 2011 and 2012.  One of IBM's most important business segments is its hardware division, known as Systems and Technology ("STG"), which accounts for approximately 20% of the Company's revenues.  STG is of particular importance to the Company's business in China, a critical growth market for IBM.  In June 2013, *The Guardian* reported that it received top-secret documents showing that the NSA was part of a previously undisclosed program called Prism, which allowed the NSA to spy on China and other countries through major information technology and internet companies, such as IBM.

IBM's association with the NSA presented a material risk to the Company's sales and, in particular, STG sales in China that were of critical importance to investors.  Upon the revelation of Prism (and related disclosures made by Edward Snowden), IBM knew that the government of China would not tolerate the Company's cooperation with the NSA, and would prohibit businesses and government agencies in China from purchasing IBM products.

Despite that knowledge, during the Class Period, IBM misrepresented to investors that it was a market leader in the Asia-Pacific region and that IBM expected solid improvement in the sales of its hardware division from the second quarter of 2013 to the third quarter of 2013.  The Company also actively concealed the immediate impact the revelation of Prism had on IBM's business in China.

In truth, throughout the Class Period, the Company knew but misrepresented or concealed from investors that the disclosures of its association with the Prism scandal caused

3

businesses in China and the Chinese government to abruptly halt doing business with IBM, leading to an immediate and precipitous decline in sales. And while the Company represented that security and privacy breaches could potentially impact IBM's business, the Company concealed that those potentialities had already occurred.

It was not until October 16, 2013, when IBM announced results for its third quarter of 2013, that investors learned the truth. That day, the Company reported that its sales in China plunged 22% during the quarter, and hardware sales in China, which accounts for nearly half of IBM's revenue there, declined 40%. Immediately after the Company reported earnings, media outlets wrote that the only credible explanation for the sudden collapse in IBM's sales in China is that the Chinese government refused to allow government agencies, state-owned enterprises, and major independent corporations to conduct business with the Company. As a result, the Company reassigned its head of emerging markets to an undetermined post. These disclosures caused the price of IBM stock to decline from $186.73 per share to $174.83 per share, or 6.4%.

## ARGUMENT

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). On December 12, 2013, Louisiana Sheriffs filed this action against Defendants. On the same day, counsel for Louisiana Sheriffs published a notice on *Market Wire*, which alerted investors to the pendency of the action and apprised investors that they must seek Lead Plaintiff status by February 10, 2014. *See* Declaration of Gerald H. Silk ("Silk Decl.") Ex. A. Accordingly, Louisiana Sheriffs satisfies the PSLRA 60-day requirement through the filing of this motion.

A.     **Louisiana Sheriffs Should Be Appointed Lead Plaintiff**

Louisiana Sheriffs respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B). When selecting Lead Plaintiff, the PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of [Rule 23]." *Id.; see also Chilton v. Chiumento Grp.*, 365 F. App'x 298, 299 (2d Cir. 2010) (discussing qualifications for Lead Plaintiff presumption).

### 1. Louisiana Sheriffs Believes It Has The Largest Financial Interest In The Relief Sought By The Class

Louisiana Sheriffs should be appointed Lead Plaintiff because it believes that it has the largest financial interest in the relief sought by the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii). As demonstrated herein, Louisiana Sheriffs sustained total losses of approximately $59,000 from its Class Period transactions.[1] To the best of Louisiana Sheriffs' knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in the litigation. Accordingly, Louisiana Sheriffs has the largest financial interest of any qualified movant seeking Lead Plaintiff status, and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### 2. Louisiana Sheriffs Otherwise Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Louisiana Sheriffs otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). On a motion to serve as Lead Plaintiff, the movant must make only "a preliminary showing" that it satisfies the adequacy and typicality

---

[1] Louisiana Sheriffs' PSLRA-required Certification is attached to the complaint it filed in this action. ECF No. 1. In addition, a chart setting forth calculations of Louisiana Sheriffs' losses is attached as Exhibit B to the Silk Decl.

5

requirements of Rule 23.  *Clark v. Barrick Gold Corp.*, No. 13 CIV 3851(RPP), 2013 WL 5300698, at *2 (S.D.N.Y. Sept. 20, 2013).  Here, Louisiana Sheriffs unquestionably satisfies both requirements.

Louisiana Sheriffs' claims are typical of the claims of other purchasers of IBM common stock.  Typicality is satisfied "when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Id.* (citation omitted).  Here, Louisiana Sheriffs' and all other Class members' claims arise from the same course of events and their legal arguments to prove defendants' liability are nearly identical.  Indeed, like all other Class members: Louisiana Sheriffs: (1) purchased IBM common stock during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) was damaged thereby.  *See Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*, No. 11 Civ. 5097(JFK), 2011 WL 4831209, at *2 (S.D.N.Y. Oct. 12, 2011) (finding typicality requirement "easily met" when proposed Lead Plaintiff "asserted that it purchased [the company's] securities during the class period and was injured by false and misleading representations made by defendants").  As such, Louisiana Sheriffs is a typical Class representative.

Louisiana Sheriffs likewise satisfies the adequacy requirement of Rule 23.  Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the representative party must "fairly and adequately protect the interests of the Class."  *Id.*  In order for the Class' interests to be fairly and adequately represented, a Lead Plaintiff must "not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class."  *Barrick Gold Corp.*, 2013 WL 5300698, at *2.  Louisiana Sheriffs satisfies these elements because its substantial financial stake in the litigation provides

the ability and incentive to vigorously represent the Class' claims. Louisiana Sheriffs' interests are perfectly aligned with those of the other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Louisiana Sheriffs and other Class members.

Further, based on its past experience serving as Lead Plaintiff, Louisiana Sheriffs is well aware of the Lead Plaintiff's obligations under the PSLRA to oversee and supervise the litigation separate and apart from counsel. Indeed, Louisiana Sheriffs has served as Lead Plaintiff in cases subject to the PSLRA in this District, including in several of the most significant recoveries under the PSLRA in history. *See In re Citigroup Inc. Bond Litig.*, No. 08-cv-9522-SHS, slip op. (S.D.N.Y. Aug. 20, 2013) (approving $730 million settlement); *In re Wachovia Preferred Sec. Bond/Notes Litig.*, No. 09-cv-6351-RJS slip op. (S.D.N.Y. Jan. 3, 2012) (approving $627 million settlement). Silk Decl. Exs. C-D.

Louisiana Sheriffs is also the very sort of Lead Plaintiff envisioned by Congress in its enactment of the PSLRA—a sophisticated institutional investor with a substantial interest in the litigation. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions").

Finally, Louisiana Sheriffs has demonstrated its adequacy through its selection of Bernstein Litowitz as Lead Counsel to represent the Class in this action. As discussed more fully below, Bernstein Litowitz is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated an ability to conduct complex securities class action litigation effectively.

**B.      The Court Should Approve Louisiana Sheriffs' Selection Of Lead Counsel**

The Court should approve Louisiana Sheriffs' selection of Bernstein Litowitz as Lead Counsel on behalf of the Class.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), a movant shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent, and the Court should not disturb Lead Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention") (citations and internal quotations omitted).

Bernstein Litowitz is among the preeminent securities class action law firms in the country.  *See* Bernstein Litowitz's Firm Biography.  Silk Decl. Ex. E.  Bernstein Litowitz served as Lead Counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-03288-DLC (S.D.N.Y.) before this Court, in which settlements totaling in excess of $6 billion—one of the largest recoveries in securities class action history—were obtained for the Class.  Most recently, Bernstein Litowitz secured a resolution of $2.43 billion in *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, No. 09-md-2058-PKC (S.D.N.Y.), and a $730 million settlement in *In re Citigroup Inc. Bond Litigation*, No. 08-cv-9522-SHS (S.D.N.Y.) on behalf of the Class.  Other significant examples in which courts in this District have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include: *In re Nortel Networks Corp. Securities Litigation*, No. 05-md-1659-LAP (S.D.N.Y.) (recovering $1.3 billion for investors); *In re Wachovia Preferred Securities and Bond/Notes Litigation*, No. 09-cv-6351-RJS (S.D.N.Y) (recovering $627 million for investors); *In re Lehman Brothers Equity/Debt Securities Litigation*, No. 09-md-2017-LAK (S.D.N.Y) (recovering $516 million for investors);

8

and *In re Refco, Inc. Securities Litigation*, No. 05-cv-8626-JSR (S.D.N.Y.) (recovering $367 million for investors). Accordingly, the Court should approve Louisiana Sheriffs' selection of Bernstein Litowitz as Lead Counsel for the Class.

## CONCLUSION

For the reasons discussed above, Louisiana Sheriffs respectfully requests that the Court: (1) appoint it to serve as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B); (2) approve its selection of Bernstein Litowitz as Lead Counsel for the Class; and (3) grant such other relief as the Court may deem just and proper.

Dated:  February 10, 2014

Respectfully Submitted,

**BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP**

/s/     Gerald H. Silk
Gerald H. Silk
Avi Josefson
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
jerry@blbglaw.com
avi@blbglaw.com

*Counsel for Proposed Lead Plaintiff Louisiana Sheriffs' Pension & Relief Fund and Proposed Lead Counsel for the Class*